**\*E-Filed 6/28/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN ENG<br><br>    Plaintiff,<br><br>    v.<br><br>CARTER HARGRAVE; HARGRAVE ARTS LLC; and JEET KUNE DO FEDERATION<br><br>    Defendants. | No. C 10-01776 RS<br><br>**ORDER SETTING BRIEFING SCHEDULE AND CONTINUING CASE MANAGEMENT CONFERENCE** |

On May 10, 2010, pro se plaintiff Martin Eng filed his first amended complaint (FAC) against defendants Carter Hargrave, Hargrave Arts LLC, and Jeet Kune Do Federation. After the Court granted Eng's request to proceed in forma pauperis, summons issued as to defendants. Although the U.S. Marshal for the Northern District of California attempted to serve the summons on defendants, the initial attempts were returned unexecuted. Service was eventually effected on March 4, 2011.

Pro se defendant Carter Hargrave responded to the complaint with a document entitled "special entry of appearance and motion to dismiss." Hargrave contends that service of the complaint is invalid because the summons was issued more than 120 days prior to service. Pursuant to Federal Rule of Civil Procedure 4(m), the court must extend the time for service if the plaintiff shows good cause for the failure to serve. In this case, Eng appeared at a show cause hearing on

October 14, 2010 and was permitted additional time by the Court to serve defendants. Accordingly, Hargrave's request to dismiss the case on the grounds of untimely service is denied.

Hargrave raises additional objections to the FAC. For instance, he refers to a case in the Northern District of Oklahoma, but merely states in conclusory fashion that it covers the "exact same matters" and that this case should therefore be dismissed. Hargrave also contends that he has never met Eng, done business with him, or entered into any contracts or agreements with him.

In reviewing the FAC, it fails to describe the alleged conduct of the defendants with enough specificity such that they could frame an adequate response. Under the Federal Rules of Civil Procedure, a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. *See* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the FAC is full of conclusory allegations that defendants have misappropriated property, made actionable misstatements, and engaged in fraudulent and/or unfair business practices. Deficiencies in the FAC include, but are not limited to, the following examples: Eng asserts that defendants misappropriated his property without providing any description of the property allegedly converted. FAC § 7. He states that defendants owe him a duty of care, but does not provide details establishing the parties' relationship. § 12. Eng refers to "misrepresentations of material facts" without identifying any statements made by defendants or any explanation as to their significance. § 14. He brings a claim for breach of contract that refers to an alleged promise to "register various trademarks and domain names" without including enough allegations to establish the existence of a contract. § 22. He refers to "acts, omissions and concealments" without identifying the accused conduct. §§ 26, 37. Eng also refers to unlawful, unfair, and fraudulent business practices and false advertising without specifying particular practices or advertisements.

§§41, 45, 49. He further brings a number of additional, repetitious claims based on alleged fraudulent or otherwise unfair or illegal conduct that is not described. §§ 54, 59, 65, 68, 71. Although Eng accuses defendants of a number of statutory and common law violations, the FAC does not include enough factual allegations to enable defendants to defend themselves or even to adduce whether the elements of any legal claims have been stated.

Accordingly, plaintiff's FAC is dismissed for failure to state a claim. If he seeks to pursue this case, Eng must file a second amended complaint (SAC) that endeavors to set forth specific allegations that state a plausible claim. After Eng files any SAC, defendants may answer the complaint or file a motion to dismiss. Defendants are on notice that, in order to obtain dismissal of a claim through a motion to dismiss, they bear the burden of identifying the specific ways in which any claim is purportedly deficient. A brief statement merely requesting dismissal of the complaint will not be sufficient.

As both plaintiff and defendant Hargrave are appearing in this case on behalf of themselves, they may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415/782.9000 x8657 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, either party may speak with an attorney who may be able to provide basic legal help but not legal representation.

In summary, the Court Orders the following:

1. Eng shall file any SAC by July 28, 2011.
2. Hargrave shall file an answer to the SAC or a motion to dismiss by August 25, 2011. He must serve the answer or motion on Eng by mailing a copy to him.
3. If Hargrave files a motion to dismiss, Eng may file an opposition within seventeen days of the date Eng mailed the motion. Eng must serve any opposition on Hargrave by mailing a copy to him.
4. If Hargrave wishes to reply to the opposition, he may file one within ten days of the mailing date of Eng's opposition. He must serve any reply on Eng by mailing a copy to him.

5. The Case Management Conference presently set for June 30, 2011 shall be continued to **October 20, 2011 at 10:00 a.m.** in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  The parties shall file a Joint Case Management Statement at least one week prior to the Conference.

IT IS SO ORDERED.

Dated:  6/27/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Martin Eng**
820 Green Street
San Francisco, CA 94133

**Carter Hargrave**
1037 E. 34th Street
Tulsa, OK 74105

DATED:  6/28/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg