*E-Filed 1/13/12 *

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARTIN ENG,

    Plaintiff,

v.

CARTER HARGRAVE; HARGRAVE ARTS LLC; and JEET KUNE DO FEDERATION,

    Defendants.

No. C 10-01776 RS

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

## I. INTRODUCTION

Plaintiff Martin Eng, appearing *pro se*, filed his second amended complaint (SAC) alleging thirteen claims for relief against *pro se* defendant Carter Hargrave, Hargrave Arts LLC, and Jeet Kune Do Federation (collectively, "Hargrave"). The SAC advances claims for: (1) conversion, (2) negligence, (3) breach of contract, (4) constructive fraud, (5) violations of the Uniform Trade Secrets Act, (6) intentional interference with prospective business advantage, (7) common law unfair competition, (8)-(9) and violations of California Business & Professions Code § 17200 (unfair competition and false advertising). On the basis of these claims, he requests certain property be returned to him via a constructive trust, as well as declaratory and injunctive relief, and damages. Hargrave moves to dismiss all claims under Federal Rule of Civil Procedure Rule 12(b)(6). Eng has not filed an opposition. The motions were taken under submission without a hearing, pursuant to

Local Rule 7-1(b), and for the reasons explained below, the motion to dismiss is granted with prejudice.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996). When the "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097-98 (9th Cir. 2002)).

## III. DISCUSSION

A. <u>Motion to dismiss</u>

Although the Court previously dismissed the first amended complaint for failure to state a claim, and directed plaintiff to supplement the factual allegations upon amendment, the relevant facts remain mostly unknown. Now, even under the relaxed pleading standard applied to *pro se* litigants, the SAC still fails to state sufficient facts to support a claim. Significantly, plaintiff has already been afforded two opportunities to amend his complaint, and has failed to oppose (or otherwise respond to) Hargrave's motion to dismiss. As a result, dismissal with prejudice is appropriate. *Zucco Partners*, 552 F.3d at 1007.

### 1. Conversion

Conversion, the theory underlying Eng's first claim, is defined as "the wrongful exercise of dominion over the personal property of another." *Fremont Indem. Co. v. Fremont General Corp.*, 148 Cal. App. 4th 97, 119 (2007). To state a claim for conversion, Eng must allege: (1) his ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with his property rights; and (3) resulting damages. *Id.* Here, the SAC remains in substantially the same condition that previously merited dismissal, and deficient in virtually every respect. Although Eng has added one paragraph (¶ 8) alleging the existence of a business agreement between himself and Hargrave, there are insufficient facts alleged to support the existence of such an agreement.[1] Even assuming that Eng had established an agreement – and he has not – he has failed to identify, with any particularity, the "various trademarks" he believes were misappropriated by Hargrave. Eng has enjoyed several prior opportunities to perfect his complaint, yet the disputed property, the basis for plaintiff's ownership claims, the manner in which Hargrave purportedly disposed of this property, and the form of damages Eng suffered, all remain unspecified. The claim is therefore dismissed with prejudice.

### 2. Negligence

Eng recognizes that he must identify the existence of a duty to establish a *prima facie* case of negligence for purposes of his second claim. In relevant part, the FAC merely asserts that "[t]he

---

[1] Elsewhere, the SAC states: "plaintiff is not presently able to locate the contract but the plaintiff believes that he will be able to locate a copy …. There is communication between the parties that confirms the existence of a contract" FAC, ¶ 19. Eng has also attempted, in connection with his breach of contract claim, to spell out the contract's terms in their most basic form.

defendants were the fiduciaries of the plaintiff for the purposes of carrying out his business plan." SAC, ¶ 11.  It goes on to state that "plaintiff had the connections and the practice to act as master and accept the defendants as junior partners, effectively students, who had a duty to act on the plaintiff's behalf in promoting the business and his interest in the intellectual property…." *Id*. Conclusions of law need not be accepted as fact, and here Eng has pleaded insufficient facts to support the inference of a fiduciary relationship.  *Epstein*, 83 F.3d at 1140.  Although an ordinary contract does not give rise to a fiduciary duty, it is true that partners generally are fiduciaries, particularly where they pursue a common purpose with a mutual right to control the enterprise. *Zumbrum v. Univ. of Southern California*, 25 Cal. App. 3d 1, 13 (1972).  Eng's allegations in this respect are inconsistent.  For example, Eng admits that Hargrave was to possess "operational authority" over the venture, which suggests the parties were not in a fiduciary relationship.  SAC, ¶ 22.  On the other hand, Eng claims Hargrave was his "student."  Yet a teacher ordinarily does not owe his student a fiduciary duty, and a student presumably owes his teacher even less.  *Id.*

In any case, stripped of legal conclusions, there are simply too few facts alleged in the SAC to support Eng's contention that a partnership, or any other kind of agreement, existed, sufficient to give rise to a duty.  Because Eng cannot establish the existence of a duty, to say nothing of the other required elements, his negligence claim must be dismissed without leave to amend.

3. <u>Breach of contract</u>

Eng's third claim, for breach of contract, is also inadequately plead.  To state a claim for breach of contract, plaintiff must show: (1) that a contract existed; (2) the plaintiff performed his duties or was excused from performing his duties under the contract; (3) the defendants breached the contract; and (4) the plaintiff suffered damages as a result of that breach. *See First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (2001).  In the first instance, Eng has not properly plead the existence of a contract.  To show that an enforceable written contract existed, Eng must plead facts concerning its formation.  Specifically, he must show that there was an offer, acceptance by Hargrave, and valid consideration, among other things.  Here, although Eng has attempted to set forth some of the substantive terms of the agreement, he has not even stated in general terms, when the parties supposedly entered into the contract.  Without any factual allegations directed to contract

formation, no agreement may be inferred.  Additionally, although Eng claims Hargrave "used his position to basically steal the operation and control it for his own benefit," it remains completely unclear how, specifically, Hargrave breached the alleged agreement.  Damages are similarly inadequately pleaded.  As a result, Eng's contract claim must be dismissed with prejudice.

### 4. Constructive fraud

Eng's fourth claim, for constructive fraud remains, as it was before, a brief list of legal conclusions, bereft of factual allegations.  *See, e.g.,* SAC, ¶ 26 ("defendant Hargrave and the affiliated defendants used their position to basically steal the operation and control it for their own benefit and deny any compensation to the plaintiff").  For purposes of Rule 12, the allegations contained under this claim, and the few facts recited elsewhere in the SAC, demonstrate very little, and certainly nothing rising to the level of fraud.  Accordingly, Eng's fourth claim for relief is dismissed with prejudice.

### 5. Uniform Trade Secrets Act, intentional interference with prospective economic advantage, § 17200 (unfair competition)

Eng has reasserted his fifth, sixth, and eighth claims without any amendments, and the allegations still fall far short of presenting any relevant facts.  Instead, they are a rehash of legal conclusions.  These claims are dismissed with prejudice as well since plaintiff has made no effort to correct their evident shortcomings.

### 6. Common law unfair competition

Eng's seventh claim is inadequately pleaded.  Again in conclusory fashion, and without the benefit of any supporting facts, the FAC asserts that Hargrave attempted to "preempt the plaintiff and effectively corner the market on the dissemination of Jeet Kune Do practice and materials" by making various misrepresentations about Hargrave's "direct tie to Bruce Lee and Jeet Kune Do martial arts."  SAC, ¶ 41.  Except for these mere hints, it remains entirely unclear what particular statements Eng alleges were false.  Divorced from any additional factual context, such allegations fail to state a claim.  As a result, this claim must also be dismissed with prejudice.

### 7. Section 17200 (false advertising)

Eng's ninth claim for relief, for false advertising, reiterates the same allegations contained in his seventh claim for common law unfair competition. In addition, the SAC asserts:

> Specifically, by using the Jeet Kune Do Federation mark, defendants have engaged in conduct which is misleading and is likely to deceive members of the public. The false advertising on the defendants' website and elsewhere have created the impression that Hargrave was responsible for the plaintiff's ideas, practice and intellectual property and have interlaced it with so many false claims and lies that it has been debased.

SAC, ¶ 49. Again, without any context, for the reasons explained above, unsupported legal accusations such as these fail to state a claim.

8. <u>Remedies: constructive trust, declaratory and injunctive relief, punitive damages</u>

Eng's remaining "claims" are actually requests for remedies, rather than independent claims for relief. Because his standalone claims are dismissed with prejudice, no remedy is available to him.

### III. CONCLUSION

Defendant's motion is granted. Plaintiff's complaint is dismissed, in its entirety, with prejudice.

IT IS SO ORDERED.

Dated: 1/13/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Martin Eng**
820 Green Street
San Francisco, CA 94133

**Carter Hargrave**
1037 E. 34th Street
Tulsa, OK 74105

DATED:  1/13/12

/s/ Chambers Staff
Chambers of Judge Richard Seeborg